

# In the United States Court of Federal Claims

No. 16-815C

(Filed: July 22, 2016)

|  |  |  |
|---|---|---|
| ANNAMALAI ANNAMALAI, | ) | Pro Se Complaint; Sua Sponte |
|  | ) | Dismissal; Frivolous. |
| Plaintiff, | ) |  |
| v. | ) | **FILED** |
|  | ) | JUL 2 2 2016 |
| THE UNITED STATES, | ) | U.S. COURT OF |
|  | ) | FEDERAL CLAIMS |
| Defendant. | ) |  |
|  | ) |  |

Annamalai Annamalai, Marion, IL, pro se.

David A. Levitt, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant.

## ORDER OF DISMISSAL

CAMPBELL-SMITH, Chief Judge

On July 8, 2016, plaintiff, Annamalai Annamalai, filed a complaint in this court appearing pro se. ECF No. 1. Because plaintiff's complaint contained personal identifiers for himself and a number of other individuals, the Office of the Clerk of Court designated the complaint to be sealed. Plaintiff asserts a claim against two individuals whom he identifies as "debtors" in relation to himself as "creditor."[1] Compl. 1-2.

Plaintiff, who was prosecuted and found guilty of bank fraud, tax fraud, bankruptcy fraud, money laundering, obstruction of justice, and conspiracy to defraud the United States in connection with the formation and operation of the Hindu Temple and Community Center of Georgia, Inc., is now serving time in the United States Penitentiary in Marion, Illinois. See United States v. Annamalai, No. 1:13-CR-437-1 (N.D. Ga. Nov.

---

[1]  Although plaintiff additionally asserts that both individuals are employees of the Department of Justice, a search conducted by the court found that the individuals were in fact employees of the United States Trustee's Office.

5, 2013); see also Annamalai v. Reynolds, No. 1:16-CV-1373-TWT (N.D. Ga., July 8, 2016).

Plaintiff accuses the named defendants of conspiracy, fraud, and of taking trade secret information pertaining to his former Hindu Temple business. Compl. passim. Over time, plaintiff has pursued a variety of claims related to this specific Hindu Temple. Based on a history of making such claims, plaintiff has been declared a vexatious litigant by the 151st Civil Court, Harris County, Texas, and by the United States District Court for the Northern District of Georgia. See Hindu Temple and Community Center of High Desert, Inc. v. Kepner, 1:12-CV-2941(SCJ) (N.D. Ga. Mar. 28, 2013) (ECF No. 111).

To deter plaintiff from further frivolous filings, the Northern District of Georgia issued a Judgment and Commitment Order. In pertinent part, it provides:

> The Court ORDERS that during the defendant's period of incarceration, . . . the defendant shall not file frivolous, abusive, or malicious lawsuits against (1) former customers of the Hindu Temple and related entities, and victims of his criminal schemes; (2) parties, creditors, the Trustee, lawyers, and court personnel involved in the Hindu Temple's bankruptcy case; and (3) attorneys, government agents, the jury, and court personnel involved in the criminal case.

United States v. Annamalai, No. 1:13-CR-437-1 (N.D. Ga., July 16, 2015).

In contravention of the Judgment and Commitment Order, plaintiff has continued to file lawsuits. He brought several actions this calendar year. See e.g., Annamalai v. United States, No. 1:16-cv-00816-PEC (Fed. Cl., July 19, 2016) (dismissing as frivolous and as violative of the district court's Judgment and Commitment Order); Annamalai v. Rajkumar, No. 16-CV-4491 (CM) (S.D.N.Y., June 15, 2016) (dismissing as frivolous and as violative of the district court's Judgment and Commitment Order); Annamalai v. Reynolds, No. 1:16-CV-1373-TWT (N.D. Ga., July 8, 2016) (dismissing claim and deeming plaintiff a "serial frivolous filer"); Annamalai v. Laird, No. 3:16-cv-00524-DRH, ECF No. 15 (S.D. Il., June 10, 2016) (dismissing case and ordering plaintiff to show cause why he should not be sanctioned for filing a frivolous action).

An examination of plaintiff's complaint here indicates that again plaintiff has violated the July 16, 2015 Judgment and Commitment Order, barring claims related to the former Hindu Temple. Moreover, plaintiff's claims against individual federal actors do not fall within the court's limited jurisdiction. See Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007). As such, the court cannot hear plaintiff's complaint.

Also attached to plaintiff's complaint is a document labeled as a "Writ of Praecipe." ECF No. 3. The court construes that document to be an application to appear in forma pauperis (IFP Application). By filing such a document, plaintiff seeks to proceed without paying the court's filing fee. Id.

Although the court is permitted to waive filing fees under certain circumstances, the court finds that plaintiff's history of filing frivolous, repetitive, and vexatious actions weighs heavily against granting plaintiff's IFP application. See 28 U.S.C. § 1915(a)(1) and (e); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or fact). Furthermore, a prisoner who brings suit in a federal court is subject to a limitation on proceeding in forma pauperis – a limitation commonly known as the "three strikes rule."

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(2012).[2] Plaintiff has plainly exceeded three strikes.

The IFP application is **DENIED AS MOOT**, and plaintiff's complaint is **DISMISSED** as frivolous and as violative of the July 16, 2015 Judgment and Commitment Order issued by the Northern District of Georgia. The Clerk of Court shall enter judgment for defendant. No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge

---

[2]     A prisoner is defined as "any person incarcerated . . . in any facility who is . . . convicted of, [and] sentenced for . . . violations of criminal law." 28 U.S.C. § 1915(h).